# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Ernest Baker,

    Petitioner,

v.

Warden, Chillicothe
Correctional Institution,

    Respondent.

Case No.: 1:10-cv-796

Judge Michael R. Barrett

## **OPINION & ORDER**

This matter is before the Court on Magistrate Judge Michael R. Merz's October 4, 2011, Report and Recommendation ("Report") (Doc. 11)[1] and Petitioner Ernest Baker's corresponding pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The Report recommends that Petitioner's writ be dismissed with prejudice. (Doc. 11, 21.)

The parties were given proper notice, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties may waive further appeal if they fail to file objections in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).[2] Petitioner has filed a timely Objection (Doc. 13).

Petitioner's Objection is ripe for review. For the reasons stated below, the Court OVERRULES Petitioner's Objection, and the Report is ADOPTED in its entirety.

---

[1] All Court document citations are to Docket Entry numbers.

[2] Notice was attached to the Report regarding objections. (Doc. 11, 22.)

1

## I. Background

Because the facts are thoroughly detailed in the Report (Doc. 1, *passim*) and in Respondent's Return of Writ (Doc. 8, 2–13), both of which extensively cite to Petitioner's Ohio appeals-court case,[3] the Court only repeats the most basic facts here. In separate cases joined for trial, a jury found Petitioner guilty of four counts of theft, one count of forgery, one count of passing a bad check, and one count of tampering with records. He was sentenced to eight years incarceration. An Ohio appeals court affirmed six of the seven convictions, reversing on the conviction for passing a bad check, thereby lowering his sentence to seven years. Generally summarizing his crimes, the appeals court stated as follows:

> We note the intricate web in which Baker [Petitioner] weaved his cons. The basic scheme involved Baker's stealing, under the guise of "investment," from various women to pay his own debts, which were wholly unrelated to the purpose for which the money was supposed to be used. Baker stole from women through a common investment scheme that had often been proposed after a romantic or emotional relationship had evolved; and he then spent the money on himself or sometimes other women. We also note that Baker's scheme was to hold himself out as a businessman who had been very successful in his real-estate investments.

*State v. Baker*, Nos. C-080157, C-080159, 2009 WL 2595645, at ¶ 51 (Ohio Ct. App. Aug. 21, 2009).

After an unsuccessful appeal to the Ohio Supreme Court, Petitioner commenced the instant habeas corpus action on November 12, 2010. His petition raises four grounds for relief: (1) the arrest warrant was issued without probable cause; (2) his

---

[3] See *State v. Baker*, Nos. C-080157, C-080159, 2009 Ohio 4188, 2009 WL 2595645, 2009 Ohio App. LEXIS 3574 (Ohio Ct. App. Aug. 21, 2009). In this action, the state appellate court's factual findings "shall be presumed to be correct," unless Baker rebuts the presumption of correctness "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

arrest was illegal because the arresting officer arrested him outside her territorial jurisdiction; (3) his conviction was supported by insufficient evidence; and (4) the charges against him were unconstitutionally joined for trial. (Doc. 11, 2, 4, 6, 18) (*see also* Doc. 8, 13; Doc. 9, 6.)[4] The Report addressed Petitioner's grounds for relief and concluded that each should be dismissed. (Doc. 11, 4, 5, 18, 21.)

## II.   Legal Analysis

### A.   Legal Standard

When objections to a magistrate judge's Report and Recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1) (hanging paragraph). General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997) (*quoting Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104–132, 110 Stat. 1214 (1996) ("AEDPA"), governs the standards of review for state-court decisions. The AEDPA provides that federal courts cannot grant a habeas petition for any claim that the state court adjudicated on the merits unless the adjudication, "(1)

---

[4] Note that the Court cites to the internal page numbers of documents rather than to the Page ID or headers added by the Clerk's Office.

3

resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Miller v. Francis*, 269 F.3d 609, 614 (6th Cir. 2001). The United States Supreme Court outlined the proper application of § 2254(d) in *Williams v. Taylor*, 529 U.S. 362 (2000). To justify a grant of habeas relief under the "contrary to" clause, "a federal court must find a violation of law 'clearly established' by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision." *Miller*, 269 F.3d at 614 (*quoting Williams*, 529 U.S. at 412). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 at 413. The Sixth Circuit has held that even if a federal court determines that a state court incorrectly applied federal law, the court still cannot grant relief unless it also finds that the state-court ruling was unreasonable. *Simpson v. Jones*, 238 F.3d 399, 405 (6th Cir. 2000).

    **B.**    **Petitioner's Objections**

Petitioner has filed a rambling and disjointed, 82-page Objection. (*See* Doc. 13.) The Court has had trouble deciphering it all. However, given his pro se status, the Objection is liberally construed as stating seven overall arguments. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that pro se pleadings are to be "liberally construed").

### 1. First Objection

Petitioner makes a series of allegations of "judicial political maneuvering" (Doc. 13, 2); witness tampering through extortion, blackmail, and harassment (Doc. 13, 4–5, 23); spoliation and suppression of evidence (Doc. 13, 5–6); perjury by witnesses (Doc. 13, 46–47); and vague conspiracies between witnesses, prosecutors, and police with Petitioner as their victim (Doc. 13, 33–37). Petitioner also spends a great deal of time rearguing the facts of his case. The Court can only interpret this as a claim of actual innocence, which is the natural implication of Petitioner's allegations. However, this claim fails to present an issue appropriate for federal habeas corpus relief. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993).

"[A] claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Id.* at 404. The Supreme Court has declined to recognize a freestanding innocence claim in habeas corpus outside the death-penalty context. *Wright v. Stegall*, 247 F. App'x 709, 711 (6th Cir. 2007). Even so, "[i]t is well-established that 'actual innocence' means factual innocence, not mere legal insufficiency." *Wright v. Lazaroff*, 643 F. Supp. 2d 971, 989 (S.D. Ohio 2009) (internal quotations omitted) (quoting *Carter v. Mitchell*, 443 F.3d 517, 538 (6th Cir. 2006)). "To establish a credible claim of actual innocence, petitioner must 'support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S 298, 327 (1995)). Petitioner presents no such evidence here. (*See* Doc. 13.) For these reasons,

Petitioner's objection based on a claim of actual innocence is OVERRULED.

### 2. Second Objection

Petitioner labels his next objection as a "General Objection." He objects to "each and every recommendation of Magistrate Merz's Report . . . ." (Doc. 13, 38.) Naturally, this is a general objection unsuited for review. The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller*, 50 F.3d at 380. "'[O]bjections disputing the correctness of the magistrate's recommendation but failing to specify the findings believed to be in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380). Furthermore, "the failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) (citing *Miller*, 50 F.3d at 380). Accordingly, Petitioner's "General Objection" is OVERRULED.

### 3. Third Objection

Petitioner's third objection asserts that the Report must be rejected because of the short time Magistrate Judge Merz was assigned to this case. Petitioner points to the docket, which shows that after approximately ten months of being before Magistrate Judge Karen L. Litkovitz, this case was transferred to Magistrate Judge Merz on September 29, 2011. Five days later, on October 4, 2011, Magistrate Judge Merz issued his Report. (Doc. 13, 2.) Petitioner states that given this timing, Magistrate Judge Merz could not reasonably have "had enough time to familiarize himself with Mr.

Baker's case and all its contents." (Doc. 13, 38.) Once again, this is "a general objection to the entirety of the magistrate's report." *See Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997). For an objection to be sufficiently specific, the petitioner must direct "the district judge's attention to specific issues decided by the magistrate contrary to [the petitioner's] position." *Id.* Petitioner has failed by this measure. Accordingly, Petitioner's third objection is OVERRULED.

### 4. Fourth Objection

Petitioner's fourth objection refers to an ex parte letter he sent to Magistrate Judge Litkovitz on March 15, 2011. Apparently, neither Magistrate Judges Litkovitz nor Merz ever saw this letter because it was returned to Petitioner by the Clerk's Office as an improper, ex parte communication with the Court. (Doc. 13, 23–25.) Petitioner argues that because Magistrate Judge Merz was unable to see this letter, his ability to make a proper ruling was impeded, and his recommendation must be set aside.

Ignoring the obvious procedural deficiencies of this argument, the Court looks to the relevant local rules, which state as follows:

> Letters to the Court are generally inappropriate and disfavored, unless (1) requested by the Court in a specific matter, or (2) advising the Court of the settlement of a pending matter. All other written communications shall be by way of formal motion or memorandum submitted in compliance with these Rules. All letters sent to the Court shall be contemporaneously served upon opposing counsel, unless otherwise ordered by the Court.

S.D. Ohio Civ. R. 7.2(c). Petitioner's letter was neither requested by the Court nor an announcement of settlement. (*See* Doc. 13, 28A–30.) As a result, Petitioner's communication with the Court should have been "by way of formal motion or memorandum" rather than as an ex parte letter. S. D. Ohio Civ. R. 7.2(c). Thus, it was

7

proper for the Clerk's Office to return Petitioner's letter, and it was not error for Magistrate Judge Merz to issue his Report without considering that letter. Petitioner's fourth objection is OVERRULED.

### 5. Fifth Objection

Petitioner also argues that his conviction was supported by insufficient evidence. (*See* Doc. 13, 39.) This is a reassertion of his third ground for relief presented in his petition, which specifically was a claim that he was "arrested, charged and convicted for civil matters." (Doc. 11, 2.) Here, Petitioner presents various arguments about the credibility and interpretation of the evidence against him. (*See* Doc. 13, 51–75.)

When a defendant challenges the sufficiency of the evidence to support a conviction, courts must determine, "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000) (internal quotations omitted) (quoting *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990)). When viewing the evidence, courts "do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury." *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009) (citing *United States v. Hilliard*, 11 F.3D 618, 620 (6th Cir. 1993)). Furthermore, even if a court concludes that "a rational trier of fact could *not* have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the *state appellate court's* sufficiency determination as long as it is not unreasonable." *Id.* (citing 28 U.S.C. § 2254(d)(2)).

The Report did just such an analysis. (Doc. 11, 7–18.) First, it did an extensive review of the state appellate court's statement of relevant facts. (Doc. 11, 7–15.)

Second, it reviewed the state appellate court's analysis of the facts in light of Petitioner's challenge to the weight and sufficiency of the evidence used to convict him. (Doc. 11, 16–18.) Finally, the Report concluded that the state appellate court's decision was "neither contrary to nor an objectively unreasonable application of clearly established Supreme Court precedent." (Doc. 11, 18.) Upon doing the same review of the facts and weight of the evidence, this Court comes to the same conclusion as the Report and the state appellate court: a rational jury could have found the essential elements of Petitioner's crimes beyond a reasonable doubt. *See Johnson*, 200 F.3d at 991. Of crucial importance for this analysis is that Petitioner presents no specific objections to the Report's conclusions on this issue. (*See* Doc. 13.) He spends a great deal of space presenting his particular interpretation of the facts (*see* Doc. 13, 51–76), but this does nothing to change the conclusion that a rational jury could view things differently. Accordingly, Petitioner's fifth objection is OVERRULED.

### 6. Sixth Objection

Petitioner's next objection is a reassertion of his first ground for relief presented in his petition. Here, Petitioner claims that probable cause to issue a warrant for his arrest was lacking because Detective Lori Wobser, who submitted an affidavit and complaint for Petitioner's arrest, knew that a car Petitioner allegedly stole was titled in his name. (Doc. 13, 44–45); *see also Baker*, 2009 WL 2595645, at ¶ 54. In other words, Petitioner argues that there was no probable cause for the arrest warrant, which was based on motor vehicle theft, because Petitioner owned the vehicle at the time the warrant was issued, as evidenced by the title. (*See* Doc. 13, 44–45.)

This objection is without merit for the reasons the Report details: Petitioner has

failed to show that the state court's decision was contrary to or an unreasonable application of clearly established Supreme Court decisions, that the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented, and finally because an unlawful arrest does not necessarily make a subsequent conviction for the offense on which the arrest was made unconstitutional. (Doc. 11, 3–4); *see* 28 U.S.C. § 2254(d); *Miller v. Francis*, 269 F.3d 609, 614 (6th Cir. 2001); *United States v. Crews*, 445 US 463, 474 (1980) ("An illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to valid conviction."). Furthermore, Petitioner makes no specific objections to the Report. Instead, he merely reargues what the state appellate court and the Report have already rejected, and he provides no basis on which habeas relief may be granted. (*See* Doc. 13, 44–47.) Accordingly, Petitioner's sixth objection is OVERRULED.

### 7. Seventh Objection

Petitioner's final objection is based on his second ground for relief, which maintains that his arrest was illegal because the arresting officer arrested him outside her territorial jurisdiction. (Doc. 11, 4.) Once again, this argument is not well taken. As the Report and the state appellate court both discussed, Petitioner was arrested under an arrest warrant, and "'an officer may pursue and arrest a defendant in any Ohio county when that officer has an arrest warrant.'" (Doc. 11, 4) (quoting *Baker*, 2009 WL 2595645, at ¶ 56). As the Report stated, "[t]here is nothing unconstitutional about a State's authorizing a law enforcement officer to make arrests anywhere in the State." (Doc. 11, 5.) Because federal habeas corpus is available only to correct federal constitutional violations, 28 USC § 2254(a), and because "it is not the province of a

federal habeas court to reexamine state-court determinations on state-law questions," *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991), Petitioner's seventh objection is OVERRULED.

### III. Conclusion

Having reviewed this matter de novo in accordance with Rule 72 of the Federal Rules of Civil Procedure, the Court finds Magistrate Judge Michael R. Merz's Report (Doc. 11) to be thorough, well reasoned, and correct. The Report is **ADOPTED** in its entirety, and Petitioner's Objection (Doc. 13) is **OVERRULED**. As the Report recommends (Doc. 11, 21), the Court **ORDERS** as follows:

- Petitioner's Writ of Habeas Corpus (Doc. 1) is **DISMISSED with PREJUDICE**.
- Petitioner is **DENIED** a certificate of appealability.
- Petitioner is **DENIED** leave to appeal *in forma pauperis*.

**IT IS SO ORDERED**.

*s/Michael R. Barrett*
United States District Judge