UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ernest Baker,

       Petitioner,

   v.

Warden, Chillicothe
Correctional Institution,

       Respondent.

Case No.: 1:10-cv-796

Judge Michael R. Barrett

## **OPINION & ORDER**

This matter is before the Court on Magistrate Judge Michael R. Merz's December 7, 2011, Report and Recommendation ("Report") (Doc. 17)[1] and Petitioner Ernest Baker's corresponding pro se Application for Certificate of Appealability (Doc. 16). The Report recommends that Petitioner's motion, construed as a motion to amend the judgment, be denied. (Doc. 17, 4.)

The parties were given proper notice pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties may waive further appeal if they failed to file objections in a timely manner. (Doc. 17, 4–5); *see United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Mr. Baker has filed a timely Objection (Doc. 18).

Petitioner's Objection is ripe for review. However, for the reasons stated below, the Court OVERRULES Petitioner's Objection, and the Report is ADOPTED in its entirety.

---

[1] All Court document citations are to Docket Entry numbers.

**I.  Background**

The facts of this case are thoroughly detailed in the Petition for Writ of Habeas Corpus (Doc. 1, *passim*), in Respondent's Return of Writ (Doc. 8, 2–13)—both of which extensively cite to Mr. Baker's Ohio appeals-court case[2]—and in this Court's prior Report and Recommendation (Doc. 11, 1–2) and Order (Doc. 14, 2–3).  Accordingly, the Court only repeats the most basic facts here.

In separate cases joined for trial, a jury found Mr. Baker guilty of four counts of theft, one count of forgery, one count of passing a bad check, and one count of tampering with records.  He was sentenced to eight years incarceration.  An Ohio appeals court affirmed six of the seven convictions, reversing on the conviction for passing a bad check, thereby lowering his sentence to seven years.  Generally summarizing his crimes, the appeals court stated as follows:

> We note the intricate web in which Baker weaved his cons.  The basic scheme involved Baker's stealing, under the guise of "investment," from various women to pay his own debts, which were wholly unrelated to the purpose for which the money was supposed to be used.  Baker stole from women through a common investment scheme that had often been proposed after a romantic or emotional relationship had evolved; and he then spent the money on himself or sometimes other women.  We also note that Baker's scheme was to hold himself out as a businessman who had been very successful in his real-estate investments.

*State v. Baker*, Nos. C-080157, C-080159, 2009 WL 2595645, at ¶ 51 (Ohio Ct. App. Aug. 21, 2009).

On November 12, 2010, Mr. Baker filed a Petition for Writ of Habeas Corpus in this Court.  (Doc. 1.)  Through a Report and Recommendation and by Order of this

---

[2] See *State v. Baker*, Nos. C-080157, C-080159, 2009 Ohio 4188, 2009 WL 2595645, 2009 Ohio App. LEXIS 3574 (Ohio Ct. App. Aug. 21, 2009).

Court, Mr. Baker's Petition was dismissed with prejudice. (Doc. 11, 21; Doc. 14, 11.) The Court further ordered that Mr. Baker be denied a certificate of appealability. (Doc. 14, 11.)

As the Report explains, (Doc. 17, 1) because Mr. Baker's current motion asks this Court to reconsider the denial of a certificate of appealability, it must be considered as a motion to amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. The Report notes that Mr. Baker does not address the legal standard for grant of a certificate of appealability. He instead argues the merits of his case and alleges racist corruption in the judicial system. The Report concludes that because reasonable jurists would not disagree with the conclusions of this Court's prior Order dismissing Mr. Baker's petition for writ of habeas corpus, Mr. Baker's Application for Certificate of Appealability should be denied. (Doc. 17, 4.) The Court now takes up Mr. Baker's objections to that recommendation (Doc. 18).

## II. Legal Analysis

### A. Report and Recommendation Standards

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1) (hanging paragraph). General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a

3

failure to object." *Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997) (*quoting Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

### B. Motion to Alter or Amend Standards

Mr. Baker agrees with the Report's conclusion that his Application for Certificate of Appealability should be construed as a motion to amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. 18, 4.)[3] Rule 59 states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Mr. Baker filed his motion within twenty-eight days of judgment. (Doc. 17, 1; *see* Docs. 15 & 16.)

The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court and is reversible only for abuse. *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982); *see also U.S. ex rel. Snapp, Inc. v. Ford Motor Co.*, 618 F.3d 505, 511–12 (6th Cir. 2010). "A court may grant a motion to alter or amend judgment only if there was '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *ACLU of Ky. v. McCreary County, Ky.*, 607 F.3d 439, 450 (6th Cir. 2010). "A motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice & Procedure § 2810.1, pp. 127–28 (2nd ed. 1995)); *see also Combs v.*

---

[3] Note that the Court cites to the internal page numbers of documents rather than to the Page ID or headers added by the Clerk's Office.

*Retirement Plan for Hourly Employees of RAG Am. Coal Co.*, 42 F. App'x 776, 780 (6th Cir. 2002) (holding that Rule 59(e) is not an opportunity to present new arguments "that could have been raised before the district court's judgment").

### C. Certificate of Appealability Standards

Because Mr. Baker seeks a certificate of appealability, (Doc. 16, 1) those standards are relevant as well. An appeal from a final order in a habeas corpus proceeding cannot be taken unless a certificate of appealability ("COA") issues. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). To obtain a COA, a habeas prisoner must make a substantial showing of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). This includes a showing that jurists of reason would find the district court's assessment of the constitutional claims debatable or wrong. *Id.* at 484. Where a petition is dismissed on procedural grounds, a COA should issue if the petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and if the petitioner shows that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

However, to obtain a COA, a habeas petitioner need not show that his appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). "Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Id.* at 338. But at the same time, "issuance of a COA must not be *pro forma* or a matter of course." *Id.* at 337. "A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Id.* at 338

(internal quotations omitted) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

### D. Petitioner's Objection

As has been his habit throughout this case, Mr. Baker has filed a rambling and disjointed, 68-page Objection filled with irrelevant facts and unsubstantiated accusations of conspiracies and perjury. (*See* Docs. 18, 16, 13, 9, & 1.) The Objection does not address any legal issues raised by the Report or the requirements of issuing a certificate of appealability. Instead, Mr. Baker's Objection reargues the facts of his case and repackages arguments previously presented to and decided by this Court. (*See* Doc. 18.) "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge," *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004), and, "Rule 59(e) is not an opportunity to re-argue a case," *Sault Ste. Marie*, 146 F.3d at 374. Put plainly, Mr. Baker presents no legitimate objections to the Report. (*See* Doc. 18.) For these reasons, Mr. Baker's Objection is OVERRULED.

## III. Conclusion

Having reviewed this matter de novo in accordance with Rule 72 of the Federal Rules of Civil Procedure, the Court finds Magistrate Judge Michael R. Merz's Report (Doc. 17) to be thorough, well reasoned, and correct. The Report is **ADOPTED** in its entirety, and Petitioner's Objection (Doc. 18) is **OVERRULED**. As the Report recommends (Doc. 17, 4), the Court **DENIES** Petitioner's Application for Certificate of Appealability (Doc. 16).

**IT IS SO ORDERED**.

*s/Michael R. Barrett*
United States District Judge